UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                           Chapter 13
Dallas A. Weise,                                                                     Case No. 10-35093-svk
      Debtor.

MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CLAIMS

      The rule of priority of judgment liens in Wisconsin is "first in time, first in right." *See, e.g., River Valley State Bank v. Peterson*, 154 Wis. 2d 442, 447, 453 N.W.2d 193, 195 (Wis. App. 1990) ("The junior lienholder's interest is satisfied last, and this lienholder takes nothing if the proceeds do not cover the senior lienholder's expenses and security interest."); *Mogilka v. Jeka*, 131 Wis. 2d 459, 472, 389 N.W.2d 359, 364 (Wis. App. 1986) (liquidation of judgment creditor liens is governed by the "time honored protective filing rule of 'first in time, first in right' "). The twist in this Chapter 13 case is that the senior judgment lien creditor did not file a proof of claim within 90 days after the meeting of creditors, but the junior lienholder did. There is not enough equity above the Debtor's exemption to cover both liens, and the junior lienholder argues that, by virtue of its timely filed proof of claim, it should ascend to the status of the senior secured creditor. The Court considered the arguments of the Trustee and junior lienholder at a hearing, took the matter under advisement, and now decides that the junior lienholder's secured status is not affected by the senior lienholder's failure to file a claim within 90 days of the § 341 meeting of creditors.

**Facts**

      Dallas Weise (the "Debtor") filed a Chapter 13 petition on September 16, 2010. The meeting of creditors was November 4, 2010, and the proof of claim bar date was February 2, 2011. Fed. R. Bankr. P. 3002(c). In 2006, well before the bankruptcy petition, the Brown County Circuit Court entered two judgments against the Debtor. Columbia Credit Services, Inc. obtained a judgment on April 10, 2006, which was docketed on April 11, 2006. Apparently this

judgment has been assigned to Sacor Financial, Inc. ("Sacor"). Unifund CCR Partners ("Unifund") obtained and docketed its judgment on November 22, 2006.

Both creditors filed proofs of claim in the Debtor's bankruptcy case. On October 8, 2010, Unifund filed a claim listing $12,838.84 as a secured claim, and $30,600.62 as an unsecured claim. On February 28, 2011, about three weeks after the claims bar date, Sacor filed a secured claim in the amount of $15,502.67, but failed to attach a copy of its judgment to the claim. On May 11, 2011, the Trustee objected to Sacor's claim, arguing that the judgment was not attached to the claim and the claim was late. Sacor then "replaced" its proof of claim on May 27, 2011, with a secured claim for $15,502.67, attaching the judgment.

The Trustee withdrew his Objection to Sacor's claim on June 1, 2011, and that same day filed an Objection to Sacor and Unifund's claims on the grounds that there is insufficient collateral to secure both claims. Importantly, the Trustee did not object to Sacor's claim as late-filed; rather, the Trustee asked "that the Court decide which claim may attach to the non-exempt property as a secured claim." The Court held a hearing on July 13, 2011, at which the attorneys for the Trustee and Unifund appeared. Sacor did not appear. The Trustee's attorney represented that there is equity in property above the Debtor's exemptions in the amount of $12,838.84, and that Sacor's secured claim, even though filed after the claims bar date, "we would allow." Unifund's attorney argued that since Unifund filed its claim before the bar date and Sacor did not, Unifund's claim should be treated as secured.

## **Analysis**

Section 506(a) of the Bankruptcy Code governs the allowance of secured claims. That section provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of

> the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim.

The Supreme Court explained that where a lien exceeds the value of collateral, the creditor has a secured claim to the extent of the value of the collateral, and an unsecured claim for the balance of the claim. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 238 (1989). Section 506(a) goes on to dictate that the value shall be determined in conjunction with any hearing on disposition or use of the property or on a plan affecting the creditor's interest. Courts have interpreted this provision to mean that the date of the bankruptcy petition is the appropriate time for determining the value of property when the purpose of the valuation is to determine the survival of the lien against the discharge. *In re Richardson*, 82 B.R. 872, 873 n.1 (Bankr. S.D. Ohio 1987). For purposes of deciding plan confirmation issues, secured claims are valued at the time of confirmation. *Schreiber v. United States (In re Schreiber)*, 163 B.R. 327, 332 (Bankr. N.D. Ill. 1994). In this case, as of the date of confirmation of the Plan (December 13, 2010), the claims bar date had not expired. Using confirmation as the date of the determination of the value of the creditors' interest in the estate's interest in the property, Sacor's claim, secured by the earliest docketed judgment, is secured to the extent of the $12,838.84 equity over the Debtor's exemption.

However, even if the date of the hearing on the Trustee's Objection to the claim is the determination date, Sacor's failure to file a claim by the bar date does not result in avoidance of Sacor's lien for purposes of § 506. Section 506(d)(2) provides: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless . . . (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title." In other words, if the only reason that Sacor's

3

claim is not an allowed secured claim is because Sacor failed to file a proof of claim (or, as here, filed a purportedly tardy claim), Sacor's lien is not void, survives the bankruptcy and should be considered in the § 506 valuation process.

Finally, it is debatable whether the claims bar date of Rule 3002(c) applies to secured creditors in Chapter 13 cases. Bankruptcy Rule 3002(a) requires *unsecured* creditors to file a proof of claim in a Chapter 13 case. The Rule does not explicitly require *secured* creditors to file a proof of claim. *In re Kreisler*, 331 B.R. 364 (Bankr. N.D. Ill. 2005). It is well-established that a secured creditor's failure to file a proof of claim—whether timely, or at all—does not affect the validity of the lien, nor bar the creditor from enforcing a lien after discharge. 11 U.S.C. §§ 501, 506(d); *In re Tarnow*, 749 F.2d 464, 465-66 (7th Cir. 1984) (denying the proposition that "rejecting a claim, on whatever ground, automatically rejects the lien that secures it"); *In re Humphrey*, 309 B.R. 777 (Bankr. W.D. Mo. 2004) (failure to file a claim does not affect the validity of lien). Although most courts require a secured creditor to file a claim in order to receive payments from the trustee, some courts also hold that the claim filing deadline imposed by Rule 3002(c) applies only to unsecured claims, not secured claims. *In re Brooks*, 370 B.R. 194, 196-197 (Bankr. C.D. Ill. 2007) (citing *Kreisler*, 331 B.R. at 384-85); s*ee also In re Burrell*, 85 B.R. 799 (Bankr. N.D. Ill. 1988) (only unsecured deficiency portion of claim filed after the bar date disallowed); *but see In re Hogan*, 346 B.R. 715, 721 (Bankr. N.D. Tex. 2006) (proof of claim bar date applies to secured creditors in Chapter 13); *In re Macias*, 195 B.R. 659, 663 (Bankr. W.D. Tex. 1996) (same).

Based on the Trustee's attorney's comments at the hearing, the Trustee does not consider the claims bar date to apply to secured creditors in Chapter 13 cases, and the Trustee's position finds support in case law within the Seventh Circuit (except to the extent of the

4

Case 10-35093-svk    Doc 30    Filed 09/08/11    Page 4 of 5

unsecured deficiency, which should be disallowed as untimely filed). Since the timeliness of Sacor's claim does not affect the validity of its lien for purposes of the § 506 valuation, the application of the claims bar date to secured creditors like Sacor is an issue for another day.

**Conclusion**

When deciding whether Unifund has an allowed secured claim under § 506(a), the earlier docketed judgment of Sacor must be considered in the determination, even though Sacor arguably did not file a timely proof of claim. Sacor's claim, secured by the first docketed judgment, is a secured claim to the extent of $12,838.84. The balance of Sacor's claim is unsecured, and should be disallowed as late-filed under Bankruptcy Rule 3002(c). Subtracting Sacor's claim from the available equity results in no value to which Unifund's claim can attach. Unifund's claim is therefore disallowed as a secured claim, but allowed in the full amount filed as an unsecured claim.

Dated: September 8, 2011

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge